IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN EDWARD BOYD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0088 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner STEVEN EDWARD BOYD. By his habeas application, petitioner challenges his June 17, 2014 conviction for the offense of robbery out of the 47th Judicial District Court of Randall County, Texas, and the 30-year sentence assessed for that conviction. *State v. Boyd*, No. 24,143-A.

I.
STATEMENT OF THE CASE

On April 3, 2013, an Indictment charging petitioner with the second degree felony offense of robbery under section 29.02 of the Texas Penal Code alleged petitioner, on February 12, 2013:

> [D]id then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Maria White in fear of imminent bodily injury or death.

The Indictment also alleged petitioner had been convicted of two prior felony offenses in 2003 and

2010 for purposes of enhancing his punishment range to 25 - 99 years in prison. [Dkt. 21-20 at 89, 93, 99].

On June 17, 2014, after being admonished by the trial court, petitioner entered a plea of guilty pursuant to a plea bargain and executed a Judicial Confession wherein he confessed to committing the offense of robbery as charged in the indictment. [Dkt. 21-20 at 93-100]. The trial court accepted petitioner's guilty plea, found petitioner guilty of robbery as alleged in the Indictment, and assessed punishment at 30 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, as recommended by the prosecution.

Although petitioner waived his right to appeal, he filed a *pro se* direct appeal which was dismissed by the Seventh Court of Appeals of Texas on August 1, 2014. *Boyd v. State*, No. 07-14-00245-CR (Tex. App. – Amarillo, 2014). [Dkt. 21-20 at 119-121]. On August 22, 2014 the Seventh Court of Appeals of Texas denied petitioner's motion for rehearing. *Boyd v. State*, No. 07-14-00245-CR (Tex. App. – Amarillo, 2014). [Dkt. 21-20 at 128-130].[1]

On November 13, 2015, petitioner placed in the prison mail system a state application for habeas corpus relief challenging this conviction. On March 23, 2016, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Boyd*, No. 75,178-04. [Dkt. 21-19 at 1].

On May 2, 2016, petitioner declared he placed the instant federal application for habeas corpus in the prison mailing system. [Dkt. 3 at 15].

---

[1] Petitioner filed an application for writ of mandamus in the Seventh Court of Appeals which was denied July 10, 2015. *In re Steven Edward Boyd*, No. 07-15-00209-CV (Tex. App. – Amarillo, 2015). [Dkt. 21-4 at 1-4]. As stated by respondent, petitioner's only petition for discretionary review (PDR) was filed in the Texas Court of Criminal Appeals in response to the denial of his writ of mandamus however, that court took no action as a PDR may not be filed from such a decision. *In re Steven Edward Boyd*, PD-1227-15 (September 21, 2015). Neither of these filings acts to toll limitations in this case.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was not allowed to directly appeal from the result of his suppression hearing;

2. Evidence was obtained as the result of an illegal, warrantless search;

3. Petitioner was denied effective assistance of trial counsel in that counsel failed to:

    a. preserve petitioner's right of appeal from the suppression hearing;
    b. object to adverse witness testimony;
    c. request special findings on spousal privilege;
    d. object to the consent to search; and
    e. secure witnesses' attendance at the suppression hearing.

4. The Indictment was defective;

5. Petitioner was denied records and a public information request;

6. The Indictment failed to invoke the trial court's jurisdiction;

7. The trial court abused its discretion when it denied spousal privilege and allowed perjured testimony.

## III.
## TIME BAR

Question 26 of the federal habeas corpus form instructs a petitioner that if his or her judgment of conviction became final more than a year prior to the filing of the petition, then petitioner "must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [his or her] petition." In his response, petitioner stated:

> Because on 3-23-2016 I received the final decision from the Court of Criminal Appeals. I was currently exhausting my state court remedies from August 1, 2014 - March 23, 2016. I am under the belief that the one year statute of limitations stops and does not bar my petition.

On October 25, 2016, respondent filed a response to petitioner's federal habeas application asserting the application should be dismissed as time barred. In that response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of statutory and equitable tolling of the limitation period. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application.

On November 14, 2016, petitioner filed a reply and objection to respondent's answer asserting he is entitled to pursue his claims of ineffective assistance of trial counsel because those claims are not barred by the statute of limitations pursuant to *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). Petitioner primarily argues that due to the nature of the grounds he has asserted, *i.e.*, ineffective assistance of counsel claims, the limitations period "should not be considered" in this case.

The undersigned makes the following findings:

1. Petitioner's judgment of conviction was entered **June 17, 2014**;

2. Although petitioner waived his right to a direct appeal, he filed a *pro se* appeal which was dismissed by the Seventh Court of Appeals of Texas on August 1, 2014.

3. On August 22, 2014 the Seventh Court of Appeals of Texas denied petitioner's motion for rehearing and his conviction therefore became final on **September 22, 2014.**

4. Petitioner's federal habeas corpus petition was thus due on or before **September 22, 2015**, unless statutorily or equitably tolled.

5. Petitioner's first state habeas application, delivered to prison authorities for mailing on **November 13, 2015** was filed <u>after</u> the expiration of the limitation period and did not statutorily toll the federal statute of limitations.

6. Petitioner has not shown he was actively misled by the State, or that he diligently pursued federal habeas corpus relief. Petitioner has not demonstrated

    he is entitled to equitable tolling of the federal limitation period.

7. In his reply petitioner makes the conclusory statement that his ineffective assistance of trial counsel claims are not barred by the limitations period under *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) (extended to Texas courts under *Trevino v. Thaler*, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).

   The relief provided in *Martinez,* and extended to Texas in *Trevino*, is procedural in nature. The Supreme Court did not hold that the Texas system for raising ineffective assistance of counsel claims was unconstitutional. The Court did not establish a new constitutional right nor did the Court create an exception to limitations.

   Petitioner has not shown the factual predicate date of § 2244(d)(1)(D) applies. Instead, the date on which the judgment became final under § 2244(d)(1)(A) determines the beginning of the limitations period.

8. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

9. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

10. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

11. Petitioner's federal habeas corpus application, treated as filed on **May 2, 2016** when it was placed in the prison mailing system, was filed after the expiration of the statute of limitations and is time barred.

12. Petitioner has not asserted he is actually innocent of committing the offense of which he was convicted, nor has he demonstrated actual innocence, as an exception by which to avoid the time bar.

Therefore, for the reasons set forth by respondent and based on the above findings of the court, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DISMISSED.

## IV.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner STEVEN EDWARD BOYD be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _31st_ day of March 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### *NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).